IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GRACE VALLAPANDO** | ) | Case Number |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **PROFESSIONAL BUREAU OF** | ) | |
| **COLLECTIONS, INC** | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Grace Vallapando, by and through her undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.   Plaintiff, Grace Vallapando, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in the District and Defendant conducts business in this District.

## III.   PARTIES

4. Plaintiff, Grace Vallapando, is an adult natural persons residing in Englishtown, NJ 80111.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Professional Bureau of Collections, Inc., ("Defendant"), at all times relevant hereto, is and was a California corporation engaged in the business of collecting debt within the State of Colorado and the State of New Jersey, with its principal place of business located at 5295 DTC Parkway, Greenwood Village, Colorado 80111.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. On or about August 15, 2011, Plaintiff started to receive collection calls to her personal cell phone from Defendant in regards to a debt allegedly owed on a Lord & Taylor credit account, a consumer debt.

8. Plaintiff was told that she owed the Defendant approximately $1,500.00.

9. At that time, Plaintiff informed the Defendant that she just recently started a new job and that she would need about two (2) weeks to come up with the money to pay off the debt.

10. Defendant refused to wait for payment.

11. Defendant demanded that the Plaintiff make a payment of at least $700.00 immediately on this account.

12. Plaintiff again informed the Defendant that she had just gone back to work after being laid off for some time and that she would need to wait for her first pay check to make a payment to the Defendant.

13. Defendant stated that the Plaintiff needed to stop "running away" from her obligations and just pay the debt.

14. Defendant insisted the Plaintiff get the money from her husband.

15. Plaintiff became upset stating that this was not her husband's debt and that she did not want the Defendant involving him in this.

16. Defendant falsely stated that Plaintiff's husband's wages would be garnished to pay off Plaintiff's debt.

17. Defendant threatened to initiate a three-way call with Plaintiff's husband to coerce the Plaintiff into making a payment.

18. Fearful, Plaintiff ended the call.

19. Defendant continues to call the Plaintiff on her personal cell phone.

20. Defendant has begun calling the Plaintiff at her place of employment.

21. Plaintiff has never received anything in writing from the Defendant.

22. On or about August 25, 2011, Plaintiff received a call to her place of employment from Defendant looking for payment.

23. Plaintiff informed the Defendant that she was looking into retaining counsel due to Defendant's constant threatening calls.

24. Defendant's agent told the Plaintiff that it did not matter there was nothing an attorney could do to help her out of this situation.

25. Plaintiff continued to receive daily calls from Defendant.

26. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

27. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I - FDCPA**

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a õdebtö defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(3) | At place of employment when knows the employer prohibits such communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(4) | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |

| | | |
|---|---|---|
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| | §§ 1692f(5) | Caused any charges to be made to the consumer, e.g. cell phone calls |
| | §§ 1692g | Failure to send 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Professional Bureau of Collections, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: August 30, 2011**

**BY:** **/s/Bruce K. Warren**
 Bruce K. Warren, Esq.

**BY:** **/s/Brent F. Vullings**
 Brent F. Vullings, Esq.

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneysø for Plaintiff